UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

CAL-NET PRODUCE, INC.,

        Plaintiff,               CIV S-02-0011 FCD PAN

      v.

                               FINDINGS AND RECOMMENDATIONS

CHAVEZ PRODUCE, a sole
proprietorship, MANUEL
OCEGUERACHAVEZ, an individual
a/k/a MANUEL O. CHAVEZ,
MANUEL OCEGUERA and MANUEL CHAVEZ;
MIRIAM OCEGUERA, an individual;
MOISES OCEGUERA, an individual,

        Defendants.

—o○o—

On June 22, 2005, this court heard plaintiff's motion for
default judgment pursuant to Fed. R. Civ. P. 55(b)(2) against
defendants Chavez Produce and Manuel Chavez, neither of whom
appeared at the hearing nor filed a responsive pleading.  For the
reasons set forth below, this court recommends that plaintiff's
motion be granted and damages be awarded in the amount $13,857.75

plus 3.38% prejudgment and postjudgment interest.

Plaintiff withdrew its motion for default judgment against defendants Miriam Oceguera and Moises Oceguera on the ground that neither was served with process.  Although the Clerk of Court entered default against each named defendant pursuant to Fed. R. Civ. P. 55(a), only defendants Chavez Produce and Manuel Chavez were served with the summons and complaint (see Return of Service filed March 18, 2002, and exhibits in support of plaintiff's application for entry of default).  Accordingly, the Clerk's entry of default against defendants Miriam Oceguera and Moises Oceguera is vacated.  Fed. R. Civ. P. 55(c), 4(m).

Plaintiff brought this action pursuant to the Perishable Agricultural Commodities Act ("PACA" or "Act"), 7 U.S.C. § 499a et seq.  Enacted in 1930, PACA regulates the sale and purchase of "perishable agricultural commodities" defined generally as "[f]resh fruits and vegetables of every kind and character."  7 U.S.C. § 499a(b)(4).  The Act renders it unlawful for "any commission merchant, dealer or broker"[1] to "fail or refuse truly and correctly to account and make full payment promptly in respect of any transaction in any such commodity to the person

---

[1] A "commission merchant" "means any person engaged in the business of receiving in interstate or foreign commerce any perishable agricultural commodity for sale, on commission, or for or on behalf of another" (7 U.S.C. § 499a(b)(5)); a "dealer" "means any person engaged in the business of buying or selling in wholesale or jobbing quantities . . . any perishable agricultural commodity in interstate or foreign commerce" (7 U.S.C. § 499a(b)(6)); and a "broker" "means any person engaged in the business of negotiating sales and purchases of any perishable agricultural commodity in interstate or foreign commerce for or on behalf of the vendor or the purchaser" (7 U.S.C. § 499a(b)(7)).

with whom such transaction is had; or to fail, without reasonable cause, to perform any specification or duty, express or implied, arising out of any undertaking in connection with any such transaction; or to fail to maintain the trust as required under 499e(c) of this title."  7 U.S.C. § 499b(4).

Section 499e(c) imposed upon the proceeds from sales of perishable agricultural commodities a trust "for the benefit of all unpaid suppliers or sellers of such commodities or agents involved in the transaction, until full payment of the sums owing in connection with such transactions has been received by such suppliers, sellers, or agents."  7 U.S.C. § 499e(c)(2); see also In re San Joaquin Food Service, Inc., 958 F.2d 938, 939 (9th Cir. 1992) ("PACA establishes a nonsegregated trust in which a produce dealer holds produce-related assets as a fiduciary until full payment is made to the produce seller").  The district courts are vested with jurisdiction to "entertain (i) actions by trust beneficiaries to enforce payment from the trust . . ."  7 U.S.C. § 499e(b)(5).

The complaint, filed January 3, 2002, alleges that defendants "were subject to license as a dealer or retailer[2],[3]

_____

[2]  A "retailer" "means a person that is a dealer engaged in the business of selling any perishable agricultural commodity at retail."  7 U.S.C. § 499a(b)(11).

[3]  "Any person not considered as a 'dealer' under clauses (A), (B), and (C) may elect to secure a license under the provisions of section 499c of this title [requiring licensing of all commission merchants, dealers and brokers], and in such case and while the license is in effect such person shall be considered as a 'dealer.'"  7 U.S.C. § 499a(b)(6).

under the PACA, with actual and/or constructive knowledge of the PACA trust." Complaint, para. 10. Defendants ordered and received from plaintiff perishable agricultural commodities (avocados) in a series of sales transactions from September 4, 2001, to September 17, 2001, in the total amount of $13,857.75. Id., para. 13. Plaintiff delivered invoices for each transaction directing payment within 10 days of each shipment. Id., para. 14. Plaintiff fulfilled all duties required to preserve its PACA trust benefits in the total principal amount of $13,857.75 (id., para. 20), including informing defendants of plaintiff's preservation of its PACA rights by setting forth on each invoice the statutory language of 7 U.S.C. § 499e(c)(4) (see n. 3, supra, emphasis added). Decl. Of John Schmidt, President of Cal-Net, para. 14, and Exhibit 1. Defendants made no payment despite plaintiff's repeated follow-up requests. Id., para. 15. Defendants failed to maintain the trust assets attributable to plaintiff's sale and make them available to satisfy defendants' debt. Id., para. 21. Upon defendants' receipt of plaintiff's produce, plaintiff became the beneficiary of defendant's statutory trust pursuant to 7 U.S.C. § 499e(b)(2).

Plaintiff alleges against all defendants causes of action for failure to preserve plaintiff's assets pursuant to PACA's statutory trust provisions, failure to account for and make prompt payment of plaintiff's assets, unjust enrichment, constructive trust, and declaratory judgment; and against defendant Manuel Chavez a cause of action for breach of contract.

Plaintiff seeks damages in the amount $13,857.75 plus 10%
interest per annum on both past-due and postjudgment amounts,
$440.00 attorneys' fees and $640.00 costs.

The Clerk's entry of default against defendants Chavez
Produce and Manuel Chavez[4] effects their admission of the factual
allegations of plaintiff's complaint.  Rule 8(d), Federal Rules
of Civil Procedure.  Accordingly, I find that (1) plaintiff
preserved and perfected its statutory rights under PACA by
providing written notice of such intent on its invoices to
defendants (see 7 U.S.C. §499e(c)(4), In re San Joaquin Food
Service, Inc., supra, 958 F.2d at 940, In re Marvin Properties,
Inc., 854 F. 2d 1183, 1186 (9th Cir. 1988)); (2) defendants are
dealers or retailers within the meaning of 7 U.S.C. § 499a(b);
(3) defendants have failed to compensate plaintiff for the
delivery of perishable agricultural commodities September 4
through 21, 2001, in the total amount $13,857.75; (4) defendants
hold this amount in trust for plaintiff pursuant to the
provisions of 7 U.S.C. § 499e(c); and (5) defendants are liable
to plaintiff in the principal amount $13,857.75.

The following factors should be considered by a court before
entering default judgment:  "(1) the possibility of prejudice to
the plaintiff, (2) the merits of plaintiff's substantive claim,
(3) the sufficiency of the complaint, (4) the sum of money at

---

[4]  The complaint states Chavez Produce is a sole proprietorship owned by
defendant Manual Chavez who is "responsible for the management and control of
Chavez Produce." Complaint, paras. 3, 7.

stake in the action, (5) the possibility of a dispute concerning material facts, (6) whether the default was due to excusable neglect, and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits." <u>Eitel v. McCool</u>, 782 F.2d 1470, 1472 (9th Cir. 1986), at 1471-1472, citing 6 Moore's Federal Practice ¶ 55-05[2], at 55-24 to 55-26.  There is no matter of right to the entry of a default judgment and its entry is within the court's reasonable discretion, even when the defendant is technically in default.  <u>Lewis v. Lynn</u>, 236 F.3d 766, 767 (5th Cir. 2001); <u>Draper v. Coombs</u>, 792 F.2d 915, 924 (9th Cir. 1986); <u>Aldabe v. Aldabe</u>, 616 F.2d 1089, 1092 (9th Cir. 1980).

Applying these considerations to the instant case, I find (1) there is no possibility of prejudice to plaintiff, (2) plaintiff's substantive claim is indisputably meritorious, (3) the complaint is well pleaded, (4) the trust amount is modest, (5) there appears no possibility of a dispute concerning material facts, (6) there is no evidence defendants' default was due to excusable neglect, and (7) entering default judgment on these facts and law is tantamount to a decision on the merits.

Accordingly, I recommend that default judgment be entered pursuant to Fed. R. Civ. P. 55(b)(2) against defendants Chavez Produce and Manuel Chavez in the principal amount of $13,857.75.

The court further recommends an award of postjudgment interest pursuant to 28 U.S.C. § 1961 at the rate of 3.38%, and an award of 3.38% prejudgment interest which this court finds

1  "reasonable" under the standards set forth in <u>Middle Mountain</u>

2  <u>Land and Produce Inc.</u>, supra, 307 F.3d at 1225-1226.

3      The Clerk's entry of default against defendants Miriam

4  Oceguera and Moises Oceguera should be set aside.  Fed. R. Civ.

5  P. 55(c).

6      These findings and recommendations are submitted to the

7  Honorable Frank C. Damrell, Jr., the United States District Judge

8  assigned to this case.  28 U.S.C. § 636(b)(l).  Written

9  objections may be filed within ten days after being served with

10  these findings and recommendations.  The document should be

11  captioned "Objections to Magistrate Judge's Findings and

12  Recommendations."  The failure to file objections within the

13  specified time may waive the right to appeal the District Court's

14  order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

15      Dated:  June 29, 2005.

16                    <u>/s/ Peter A. Nowinski</u>

17                    PETER A. NOWINSKI
                      Magistrate Judge

18

19

20

21

22

23

24

25

26